**LIBERTY LOBBY, INC., et al., Plaintiffs,**

v.

**Drew PEARSON et al., Defendants.**

**Civ. A. No. 2840–66.**

United States District Court
District of Columbia.

Dec. 20, 1966.

Harvey Bolton, Jr., Washington, D. C., for plaintiffs.

John Donovan, Washington, D. C., for defendants.

## OPINION

HOLTZOFF, District Judge.

The complaint in this action sets forth that the defendants, Drew Pearson and Jack Anderson, are newspaper men who publish periodical articles in newspapers popularly known as a column. It is also alleged that the two plaintiffs employed the defendant, Jeremy Horn, who unlawfully and in a breach of confidence copied certain letters from the files of the plaintiffs, which the plaintiffs claim are confidential, turned them over to the defendants Pearson and Anderson, who it is alleged are about to publish the contents of those letters or the information contained in them. The plaintiffs sue for damages and for an injunction.

The case is before the Court at this time on a motion for a preliminary injunction against the defendants Pearson and Anderson to restrain them from publishing the contents of the letters copied by Horn and turned over to them, or publishing the information therein contained. It is necessary to analyze closely what is before the Court and what is not before the Court. The Court does not have before it at this time the question whether the plaintiffs have a good cause of action for damages for conversion of the letters or for breach of trust or any other similar tort. It is not alleged that the letters were physically purloined from the plaintiffs and consequently the Court does not have before it the question whether an action for replevin for a return of the documents would lie. The only matter that the Court has before it at this time is the question whether it may enjoin newspaper men from publishing copies of documents or information contained in documents that the newspaper men consider newsworthy, merely because the information or copies were obtained by a breach of trust.

The Court is of the opinion that freedom of the press that is safeguarded by the Constitution and which is one of the basic features of American institutions, is not limited to such information as is personally obtained by newspaper men by observation or from official statements, or in any other open way. The mere fact that a newspaper man obtained information in a clandestine fashion or in a surreptitious manner or because someone unguardedly and unwittingly reveals confidential information, or even through a breach of trust on the part of a trusted employee, does not give rise to an action for an injunction. The courts may not review the manner in which a newspaper man obtains his information and may not restrain the publication of news merely because the person responsible for the publication obtained it in a manner that may perhaps be illegal or immoral. It would be a far-reaching limitation on the freedom of the press if courts were endowed with power to review the manner in which the press obtains its information and could restrain the publication of news that is obtained in a way that the Court does not approve. If such were the law, we would not have a free press; we would have a controlled press. Such, however, is not the law.

Cases involving publication of letters in violation of a property right in them or in violation of a copyright are not in point. Here we are dealing with the freedom of the press.

In the light of these considerations the Court is of the opinion that the plaintiffs clearly are not entitled to an injunction restraining the publication of the letters or of the information therein contained. The motion for preliminary injunction is denied.

A transcript of this oral opinion will constitute the findings of fact and conclusions of law, and counsel may submit an appropriate order.